IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTOPHER BUTLER, #68171**                                      **PLAINTIFF**

**v.**                            **CIVIL ACTION NO. 3:20-cv-00292-CWR-LGI**

**PELICIA HALL**                                               **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation on the *Motion for Summary Judgment* [26] filed by Defendant Pelicia Hall on June 2, 2021. Plaintiff Christopher Butler filed a *Response in Opposition* [28] on July 6, 2021, to which the Defendant did not submit a reply. On October 22, 2021, District Judge Carlton W. Reeves ordered Defendant to supplement the record with "the Intergovernmental Agreement (IGA) and clarify the typical transfer criteria and protocol for individuals temporarily transferred from the custody of [the Mississippi Department of Corrections] MDOC to [the Bureau of Prisons] BOP." Doc. [34]. Defendant submitted the required supplemental briefing and Plaintiff filed a written response. *See* Doc. [35] and [37]. Having considered the submissions, the record, and relevant law, the undersigned recommends that Defendant's Motion for Summary Judgment [26] be GRANTED. The undersigned finds that Defendant Pelicia Hall is entitled to sovereign immunity and qualified immunity, and to the dismissal of the claims against her.

**I.**      **Relevant Procedural History**

Plaintiff Christopher Butler, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis*. Plaintiff filed suit under 42 U.S.C. § 1983 against former Commissioner of the Mississippi Department of Corrections Pelicia Hall on April 27, 2020. *See* Doc. [1]. Plaintiff's complete allegations are set

forth in his Complaint and were augmented by his sworn testimony at a *Spears*[1] hearing before the United States Magistrate Judge on November 30, 2020. *See* Doc. [17].

Plaintiff claims Defendant Pelicia Hall retaliated against Plaintiff for filing a prior civil suit against the Mississippi Bureau of Narcotics ("MBN"). Defendant Hall represented MBN in Plaintiff's civil lawsuit before her appointment as the Commissioner of the Mississippi Department of Corrections. Specifically, Plaintiff alleges that, while incarcerated, Defendant Hall had Plaintiff detained in various holding facilities in isolation under an anonymous name throughout his criminal proceedings and transferred Plaintiff from Mississippi Department of Corrections ("MDOC") to federal Bureau of Prison ("BOP") custody. Doc. [1] at 5-9; Doc. [17] at 20. Plaintiff also asserts conspiracy claims for denial of due process, denial of access to the courts, and unconstitutional conditions of confinement in the federal facility. Doc. [1] at 3.

Defendant Pelicia Hall has been sued in her official and individual capacities, and Plaintiff has requested both injunctive relief and compensatory damages from the Defendant. In the instant *Motion* [26], Defendant moves for summary judgment based on sovereign immunity for the official liability claims and qualified immunity for the individual liability claims. The Defendant also argues that to the extent that Plaintiff's retaliation claim directly challenges Plaintiff's conviction, the retaliation claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, Defendant submits that Plaintiff's claim for compensatory damages is barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA").

## II.     Standard

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

1. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, Civil Action No. 5:03-cv-241-BN, 2005 U.S. Dist. LEXIS 43286, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

The nonmovant is not required to respond to the motion until the movant properly supports its motion with competent evidence. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991), cert. denied, 503 U.S. 987, 112 S. Ct. 1675, 118 L. Ed. 2d 393 (1992). In the event the moving party has made an affirmative showing that it is entitled to summary judgment, the burden shifts to the non-moving party to come forward with evidence that creates a genuine issue for trial. *Celotex*, 477 U.S. at 330. In deciding a motion for summary judgment, the Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions,

or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### III. Analysis

Defendant Pelicia Hall moves for dismissal on the grounds that she is entitled to sovereign and qualified immunity from this action. The Defendant also submits that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the physical injury requirement of the Prison Litigation Reform Act ("PLRA").

#### A. Sovereign Immunity

Defendant Pelicia Hall[2] first argues that the doctrine of sovereign immunity entitles her to dismissal of any official capacity claims in this lawsuit. Notably, Plaintiff clarified during the *Spears* hearing that the only claim he is seeking against Pelicia Hall is in her individual capacity. Doc. [29] at 7 ("THE COURT: Okay. So the only claim that you're bringing is against Pelicia Hall in her personal capacity, period? MR. BUTLER: Correct. Correct."). To the extent that Plaintiff

---

2. Pelicia Hall is no longer the Commissioner of the Mississippi Department of Corrections ("MDOC"). On June 16, 2020, Burl Cain was designated the new Commissioner for the MDOC. To the extent Plaintiff is suing Pelicia Hall in her official capacity, pursuant to Fed. R. Civ. P. 25(d), Burl Cain is automatically substituted as a Defendant in the place of Hall. *See* Fed. R. Civ. P. 25(d) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party…").

has asserted claims against Defendant Hall in her official capacity, Defendant Hall is entitled to summary judgment as to such claims because the monetary damages Plaintiff seeks are barred by sovereign immunity and the prospective injunctive relief sought is moot.

The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. U.S. CONST. AMEND. XI; *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605, (1999). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Mississippi has not waived its Eleventh Amendment immunity. MISS. CODE ANN. § 11-46-5(4) ("nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Eleventh Amendment immunity from suit for monetary damages protects not only the state, but also state agencies deemed to be "an arm of the state," and employees of such agencies who are sued in their official capacities. *See Am. Bank and Tr. Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("suit against a state official in his or her official capacity ... is no different from a suit against the State itself."). The MDOC is an arm of the State of Mississippi and is protected from suit by the Eleventh Amendment. *See Williams v. Miss. Dept. of Corr.*, Civil Action No.: 3:12-cv-259-CWR-FKB, 2012 U.S. Dist. LEXIS 78410, 2012 WL 2052101, at *1-2 (S.D. Miss. June 6, 2012); *Dandridge v. Miss.*, Civil Action No.: 2:08-cv-229-KS-MTP, 2009 U.S. Dist. LEXIS 122040, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009).

In his Complaint, Plaintiff Butler seeks monetary damages for the alleged retaliation. Defendant Hall was an employee of the MDOC at the operative time of the complaints and employees of the State of Mississippi are protected by sovereign immunity from § 1983 monetary damage claims against them in their official capacities. The damages relief sought falls into the category of suits barred by state sovereign immunity—"a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury." *Fontenot v. McCraw*, 777 F.3d 741, 753 (5th Cir. 2015) (quoting *Edelman*, 415 U.S. at 663).

Plaintiff also seeks injunctive relief to be placed in MDOC custody. The United States Supreme Court, in *Ex Parte Young*, carved out a narrow exception to Eleventh Amendment immunity, allowing a plaintiff to seek prospective injunctive or declaratory relief against a state official to remedy an ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official capacity for injunctive relief under [Title 42 U.S.C.] § 1983 because "official-capacity" actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (*citing Ex parte Young,* 209 U.S. at 159-160).

For this court to apply *Ex Parte Young*, Butler, through his Complaint, must allege that the Defendants are continuing to violate federal law, not simply that they have done so in the past. *See Green v. Mansour*, 474 U.S. 64, 71-73, 106 S.Ct. 423, 427-29, 88 L.Ed.2d 371 (1985). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an

ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002). Plaintiff was transferred to MDOC custody in September 2020, rendering Plaintiff's request for prospective injunctive relief moot. *Whitfield v. City of Ridgeland*, 876 F. Supp.2d 779 (S.D. Miss. 2012) ("[A]n action becomes moot unless there remains throughout the litigation a real and immediate threat of repeated injury.") Accordingly, this court finds that the *Ex Parte Young* exception does not apply to the lawsuit.

Defendant Hall is entitled to summary judgment on the official capacity claims because the monetary damages sought are barred by sovereign immunity and the prospective injunctive relief sought is moot. For these reasons, the undersigned finds Defendant Hall is immune from suit under § 1983 in her official capacity. The undersigned recommends that the claims brought against Defendant Hall in her official capacity be dismissed with prejudice.

**B.   Qualified Immunity**

Defendant Hall's sovereign immunity for her official capacity claims does not preclude liability for her individual capacity. *Bd. of Cnty. Com'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 672 (1996). The Defendant's individual capacity is only protected from liability if the principle of qualified immunity applies. Even then, each official "is only liable for his or her own misconduct." *Ashcroft v. Iqpal*, 556 U.S. 662, 677 (2009)

Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The test for qualified immunity is well-established: "(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in light of the clearly established law at the time of the incident." *Hare v. City of*

*Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998). Plaintiff has the burden of rebutting the defense, and if he fails to satisfy either prong, the defendant prevails. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (granting the lower courts permission to evaluate either prong of the qualified immunity analysis first). If the Court finds that there was no constitutional violation, the Court need not address the second part of the test. *Marks v. Hudson*, 933 F.3d 481, 483 (5th Cir. 2019); *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013). Accordingly, this Court must examine the summary judgment record and determine whether Plaintiff Butler has adduced sufficient evidence to raise a genuine issue of material fact suggesting that Defendant's conduct violated an actual constitutional right for each claim, and whether Defendant's conduct was objectively unreasonable in light of clearly established law.

    i.    **Retaliation**

Plaintiff alleges that Defendant Hall violated 42 U.S.C. § 1983 by retaliating against him. Specifically, Plaintiff alleges that, while incarcerated, Defendant Hall had Plaintiff detained in various holding facilities in isolation under an anonymous name throughout his criminal proceedings and transferred Plaintiff from MDOC to BOP custody. Doc. [1] at 5-9; Doc. [17] at 20. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citation omitted). Mere conclusory allegations of retaliation are insufficient; Plaintiff must present either direct evidence of retaliatory motivation or a "chronology of events from which retaliatory motivation may be plausibly inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted). "To prove causation, Plaintiff must show that but for the retaliatory motive the complained of incident would not have occurred." *Edwards v. Jones*,

2010 U.S. Dist. LEXIS 114633, 2010 WL 4338638, at *7 (S.D. Miss. Oct. 26, 2010) (citation and internal quotation marks omitted). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights," such that *de minimis* acts do not qualify as retaliation. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). "Prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010).

The Intergovernmental Agreement between the United States Department of Justice Federal Bureau of Prisons and the State of Mississippi Department of Corrections for the exchange of inmates between the parties in effect during Butler's transfer from MDOC to BOP custody provides that:

> The sending party shall request permission to transfer a certain inmate to the receiving party by submitting a written referral containing the following information for each inmate proposed for transfer:
> (a) Copies of all relevant documents which relate to the inmate's case history, physical and clinical record, including but not limited to, copy of Pre-Sentence Investigation or equivalent report, summary of institutional adjustment if applicable, and summary of prior offense history;
> (b) Copies of all judicial and administrative rulings and orders relating to the inmate and the sentence(s) of confinement, including any outstanding warrants or detainers and sentencing data to include the date the sentence was imposed, the date the sentence began, projected release date and date eligible for parole if applicable;
> (c) Reason(s) for the requested transfer.
> …
> The receiving party shall have sole discretion to approve or reject each inmate from the sending party. After receipt of a transfer request, the receiving party shall review the request and inform the sending party of the approval or denial. If approved, the receiving party shall determine the inmate's designation to an appropriate facility and inform the sending party.

Doc. [35-1] at 2-4. Plaintiff submits that he did not fit the categories in the IGA for transfer to federal custody. Doc. [37] at 2. ("By reading the IGA it isn't clear I qualify to even have my name requested to be transferred when I didn't fit none of the categories stated and I had no series rule violations as the state claim and I was only convicted of a simple possession of marijuana

conviction. None of this which raised to the standard of individuals whom were already under the IDA.") However, the IGA does not set forth specific transfer criteria or provide categories for necessary reasons for individuals transferred from MDOC to BOP. The IGA simply requires the sending party submit the reason for the requested transfer along with copies of relevant documents. Doc. [35-1] at 3. Moreover, MDOC records explain the security concerns and rule violations which served as cause for Butler's transfer request to BOP custody:

> Since his arrival, he has received serious rule violation reports which have threatened the safety, security, and orderly running of some of the most secure Mississippi Department of Corrections facilities. These violations include but are not limited to: possessing serious contraband and refusing work assignments. The reason for this transfer is because of his influence in the drug community here in the State of Mississippi.

Doc. [35-4] at 1. MDOC complied with the IGA by setting forth the reason for the requested transfer and BOP accepted Plaintiff's transfer. Therefore, Plaintiff's transfer to federal custody did not violate the terms of the IGA. The MDOC records support a finding that Plaintiff was transferred from state to federal custody for rule violations and serious security concerns, not in retaliation by Defendant Hall.

Plaintiff has not submitted direct evidence of retaliatory motivation or a "chronology of events from which retaliatory motivation may be plausibly inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted). Plaintiff relies only on personal belief to support his claim that he was placed in federal custody as retaliation. *See Harbin v. Turner*, 2017 U.S. Dist. LEXIS 212713, 2017 WL 6626733, at *5 (N.D. Miss. July 20, 2017) (finding prisoner's allegation that psychiatrist retaliated against him by changing his medication did not state a claim for retaliation as it was based only on prisoner's belief); *Hunter v. Harris*, 2010 U.S. Dist. LEXIS 95408, 2010 WL 3713444, at *14 (S.D. Miss. Aug. 5, 2010) ("[m]ere conclusory allegations of retaliation will not suffice to withstand a proper motion for dismissal...."). Moreover, Plaintiff has

not shown that this act was caused by a retaliatory motive on the part of Defendant Hall. A prisoner must show that but for the retaliatory motive, the complained of act would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff has not established that Defendant Hall acted with retaliatory intent when MDOC transferred Plaintiff to federal custody, considering Plaintiff had recent rule violations for possessing serious contraband and refusing work assignments. For these reasons, Defendant Hall is entitled to summary judgment on Plaintiff's individual capacity claim of retaliation for being transferred to federal custody. Additionally, to the extent that Plaintiff's retaliation claim against Defendant Hall directly challenges his conviction, the retaliation claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

   ii.   **Conspiracy**

Plaintiff Butler asserts section 1983 conspiracy claims against Defendant Hall for the alleged conspiracies among MDOC officials to deny Plaintiff due process, to subject Plaintiff to unconstitutional conditions of confinement in the federal facility, and to deny Plaintiff access to the courts.

Plaintiff alleges that Defendant Hall conspired with MDOC officials to transfer Plaintiff to federal custody to violate Plaintiff's due process rights and subject Plaintiff to unconstitutional conditions of confinement. The undersigned finds that no liberty interest was implicated by Plaintiff's transfer to federal custody. Plaintiff has no constitutionally protected right to reside in a specific prison location. *See Meachum*, 427 U.S. at 225; *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989). Even in cases where a prisoner is transferred from a preferable prison to an inferior prison, such transfers do not alone substantiate a substantive due process claim in the absence of an appropriate state or prison regulation. *See Jackson*, 864 F.2d at 1250 (*citing Montanye*, 427 U.S. at 242). "As long as the conditions or degree of confinement to which a prisoner is subjected

is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Jackson*, 864 F.2d at 1249 (*quoting Montanye*, 427 U.S. at 242). Plaintiff has failed to allege that he was subjected to unconstitutional conditions of confinement while in federal custody. Therefore, the undersigned finds Plaintiff's conspiracy claims for denial of due process and unconstitutional confinement conditions should be dismissed.

The final conspiracy claim alleges a conspiracy to deny Plaintiff Butler's access to courts. To prevail on this claim, Plaintiff must prove that the conspiracy "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). It is not clear if Plaintiff is pleading a "forward-looking" or "backward-looking" access claim. A forward-looking access claim occurs where the "litigating opportunity yet to be gained" is being blocked by the defendant. *Christopher v. Harbury*, 536 U.S. 403, 414, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "The object . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413. Plaintiff cannot prove a forward-looking denial of access to courts claim because he has in fact filed this lawsuit. A backward-looking claim is "an opportunity already lost." *Id*. at 414-15. The inquiry looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414. For a "backward-looking access claim," Plaintiff must prove (1) an underlying cause of action, (2) the litigation of which was frustrated by official acts, (3) which resulted in a lost remedy. *Id.* at 415-16. The Court is provided with no evidence of a lost opportunity to sue Defendant Hall or others, or the lost opportunity for Plaintiff to seek some particular relief. Therefore, Defendant Hall is entitled to dismissal of the Section 1983 conspiracy to deny access to the courts.

Finally, because the Court finds that the claims against Defendant Hall should be dismissed under the doctrines of sovereign immunity and qualified immunity, the Court declines to address Defendant's alternative argument regarding the physical injury requirement of the Prison Litigation Reform Act ("PLRA").

## IV.  Recommendation

The undersigned recommends that the *Motion for Summary Judgment* [26] filed by Defendant Pelicia Hall should be GRANTED and that this action be DISMISSED with prejudice.

### Notice of Right to Object

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 14th day of February, 2022.

                                                              /s/ LaKeysha Greer Isaac
                                                          UNITED STATES MAGISTRATE JUDGE